IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DECOREY PITTS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-4443 |
| | : | |
| RAYMOND M. LAWLER, et. al., | : | |
| | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**  October 15, 2010

**I.  INTRODUCTION**

Before the Court is the Petition of Decorey Pitts ("Petitioner"), a state prisoner, for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks to withdraw his guilty plea and a new trial.  For purpose of this Opinion, the Court has considered the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer and Memorandum of Law in Response to Petition for Writ of Habeas Corpus (Doc. No. 8), the Reply to the Memorandum in Opposition to Petition for Writ of Habeas Corpus (Doc. No. 11), Magistrate Judge Perkin's Report and Recommendation (Doc. No. 12), Objections to Proposed Findings of Fact and Recommendations (Doc. No. 16), Amended Objections to Proposed Findings of Fact and Recommendations (Doc. No. 18), and the pertinent state court record.

After review of the filings by the parties and the state court record, Magistrate Judge Henry S. Perkin issued a Report and Recommendation that the Petition be denied with prejudice and dismissed without an evidentiary hearing. (Doc. No. 12.)  Petitioner filed Objections to the Report and Recommendation.  (Doc. Nos. 16, 18.)  The Court must now "make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). For the reasons that follow, the Court will approve and adopt the Report and Recommendation (Doc. No. 12) and deny the Petition (Doc. No. 1) with prejudice.

## II.    FACTUAL BACKGROUND

On May 11, 2004, after an extensive colloquy with Judge Joseph P. Cronin of the Court of Common Pleas of Delaware County, Petitioner entered a negotiated guilty plea. (Doc. No. 12 at 2-10.) Before Judge Cronin's extensive colloquy, Petitioner had intended to plead not guilty. Petitioner's first objection to the Report and Recommendation relates to this colloquy. Specifically, Petitioner takes issue with Judge Cronin's following statement:

> In a case like this you have at least at this point options. I think the difficulty that you face and I would assume I would face if I was standing there is the fact that a lot of times in life we have choices and one is a good choice, one is a bad choice. And in your situation right now I don't know that there is a good choice. I suggest to you there's probably a bad choice and there may be a worst choice.
> . . .

(Doc. No. 19 at 2.) Petitioner argues that this language induced him to plead guilty and constitutes impermissible judicial involvement in plea negotiations. (Id.) Petitioner objects to the Report and Recommendation on the basis that it fails to address whether this language rendered his guilty plea involuntary. (Id. at 1.)

Petitioner's second objection to the Report and Recommendation challenges the Report's finding that "there was no Ineffective Assistance of Counsel." (Id. at 3.) Petitioner asserts that his counsel was ineffective "by failing to effectively challenge an identification of the petitioner

2

by a crime victim after petitioner was removed from the car by police, failing to effectively challenge police testimony about the distance from which a car was viewed that the petitioner was riding in, and by failing to effectively argue that the trial court had improperly intruded into the petitioner's decision to enter a guilty plea." (Id.) Petitioner objects to the Report and Recommendation's finding that counsel's actions did not amount to ineffective assistance of counsel.

## III. DISCUSSION

### A. Objection One: Alleged Judicial Involvement in Plea Negotiations

In his first objection, Petitioner argues that the Report and Recommendation is insufficient in failing to adequately address Petitioner's claim that Judge Cronin participated in guilty plea negotiations. Pennsylvania law prohibits judicial involvement in plea agreements. See generally Commonwealth v. Johnson, 875 A.2d 328 (Pa. Commw. Ct. 2005). "When a judge becomes a participant in the plea bargaining he brings to bear the full force and majesty of his office. The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea." Id. at 332 (quoting Commonwealth v. Evans, 252 A.2d 689 (Pa. Super. Ct. 1969)).

When analyzing judicial involvement in plea negotiations through the lens of a habeas petition claiming ineffective assistance of counsel, the Court is restrained by the limitations of the Antiterrorism Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, and is required to give a high level of deference to the state court's factual and legal determinations. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000). Here, Petitioner alleges that Judge Cronin's statement, *supra*, along with the rest of the colloquy induced him to plead guilty. However, the

3

Superior Court determined that Petitioner was not "strong armed" into pleading guilty and that the colloquy merely provided the knowledge necessary for Petitioner to make a voluntary and informed guilty plea. Commonwealth v. Pitts, No. 740 EDA 2008, slip op. at 4 (Pa. Super. Ct. Aug. 27, 2009). The Court must give deference to this conclusion. 28 U.S.C. § 2254(d)(1). Additionally, because Judge Cronin's comments do not reach the level of advocacy seen in Johnson, *supra*, there is no basis for finding grave error. Therefore, Petitioner is not entitled to habeas relief on this claim.

B. **Objection Two: Ineffective Assistance of Counsel**

In his second objection to the Report and Recommendation, Petitioner argues that the Report and Recommendation reaches the wrong conclusion with respect to Petitioner's claim that his counsel was ineffective. The Court has considered Plaintiff's numerous claims that counsel's actions constituted ineffective assistance of counsel and agrees with the Report and Recommendation that "Petitioner has not carried his burden of showing that the state courts' findings of fact were objectively unreasonable." (Doc. No. 12 at 29.)[1]

---

[1] Petitioner claims that counsel was ineffective "by failing to effectively challenge an identification of the petitioner by a crime victim after petitioner was removed from the car by police, failing to effectively challenge police testimony about the distance from which a car was viewed that the petitioner was riding in, and by failing to effectively argue that the trial court had improperly intruded into the petitioner's decision to entre a guilty plea." (Doc. No. 19 at 3.) The Court agrees with the Report and Recommendation that habeas relief on these claims must be denied.
    Pursuant to the AEDPA a federal court is precluded from granting habeas relief on a claim decided in state court unless the federal court concludes that the state court's "decision was *contrary to*, or involved an *unreasonable application of*, clearly established federal law." Fountain v. Kyler, 420 F.3d 267, 272-73 (3d Cir. 2005) (citing 28 U.S.C. 2254(d)(1)). Petitioner fails to cite any decision by the state courts which is contrary to or an unreasonable application of established law. Petitioner's arguments simply reassert those claims he raised in state court.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation (Doc. No. 12) and will deny Petitioner's Application for Writ of Habeas Corpus (Doc. No. 1). No certificate of appealability will be issued.

An appropriate Order follows.